PERLEY v. SANDS, et al.

Although a surrogate had no power to recall letters of administration under the revised statutes, yet the authority given to him by the act of the 16 May, 1837, allows him to do so in cases where letters were granted prior to the last mentioned act.

*It would seem*, that where letters of administration are granted on a mistake of facts, that this may be brought within the spirit of misrepresentation under which a surrogate could revoke them.

MOTION to dissolve injunction on bill alone.

The bill was filed by the complainant, Mary Elizabeth Perley, who described herself as the widow of Nathaniel M. Perley, formerly a resident of Rowley in the state of Massachusetts. It went on to state that the said Nathaniel M. Perley had always resided, until the time of his death, at Rowley and his family still resided there; that he died at Savannah in Georgia, leaving the complainant his widow and an infant son. That the said Nathaniel M. Perley, in his lifetime, was master of the brig " Tantivy" and, as the complainant believed, a part owner of her and her cargo; and that while he was such part owner she was seized and condemned by the French government. That the vessel had sailed from the port of New-York and was captured and condemned prior to the year one thousand eight hundred and fifteen; and that the defendant, Austin L. Sands, of New-York, had, from some connection with the vessel and her voyage, an opportunity of knowing the interest of the said Nathaniel M. Perley in her and in knowing that a claim could be made under the treaty between France and the United States for indemnity, but he, the said Sands, did not communicate that circumstance to the complainant or to any of her late husband's friends : instead thereof and without any notice to the complainant, the said Sands took measures to obtain the amount of the said claim. That on or about the first day of March, one thousand eight hundred and thirty-three, the said Austin L. Sands took out letters of administration on the estate of the said Nathaniel M. Perley, which let-

ters were granted by the surrogate of the city and county of New-York and purported to have been granted to him as a creditor of the said Nathaniel M. Perley and on the ground that her said husband was a resident or inhabitant of the city and county of New-York. That after the granting of such letters, the commissioners sitting at Washington under the said treaty awarded, as the share of the said Nathaniel M. Perley for the seizure and spoliation of the said "Tantivy," upwards of eight thousand four hundred and fifty dollars and the greater part of which the said Austin L. Sands had received and still held. That the said Nathaniel M. Perley was not, either at the time of his death nor at any time before an inhabitant of the city or county of New-York ; nor had he any assets within such county at the time the said letters of administration were granted. That the complainant was ignorant of the grounds and representations on which the said letters of administration were granted, there not being any petition or papers on file in the surrogate's office upon which the same were granted. That when the solicitor for the complainant applied to the surrogate for information respecting the grounds of granting the said letters of administration, the surrogate informed him that he, the said surrogate, considered the moneys composing the French indemnity in the city of Washington as assets in the city and county of New-York and that, being in the hands of the government, they were to be deemed to be in no one part of the country or place more than another. That on the resignation of the complainant, her brother-in-law, John Perley, had been appointed administrator of the estate and effects of her said late husband in Massachusetts. That both she and the said brother-in-law had applied to the surrogate of the city and county of New-York to appoint him the said John Perley administrator of the said Nathaniel M. Perley, but that the said surrogate replied he could not do so, having already granted letters to the said Sands. And the complainant charged that the said letters were granted by mistake and the same were void ; but that the said surrogate had not jurisdiction to annul the same or to declare them void. Also showing that the said Austin L. Sands still insisted in acting as administrator. *Prayer* for an account; for a perpetual injunction ; and that the said letters of administration might be

declared and decreed to be void and that the said Austin L. Sands might be decreed to deliver the same up to be cancelled; and, for further relief.

1840.

PERLEY
v.
SANDS.

Mr. *Dana*, for the defendant Sands, moved to dissolve the injunction.

Mr. *E. Paine*, for the complainant.

THE VICE-CHANCELLOR :—The object of the bill is not to call the money out of the defendant's hands or to have him account as administrator, but to recall the letters of administration granted to the defendant by the surrogate and to compel him to give them up to be cancelled, so that the complainant, as widow of the intestate or another person in whose favor she may renounce, may be appointed; and, in the meantime, that the defendant be enjoined from any further action as administrator in distributing or parting with the money in his hands. The bill shows it to have been a case in which the surrogate here had not authority or jurisdiction to grant letters of administration to the defendant and that the letters speak untruly in representing the intestate to have been an inhabitant of this county or to have left any property here or that property or effects had come within the county of New-York. It therefore alleges that the letters of administration were granted by mistake and that the same are void; but that the complainant is advised the surrogate has not jurisdiction to annul the same or to declare them void.

It would seem, by the revised statutes, that surrogates had no power to recall or revoke letters of administration once granted by them; and it was there declared that no surrogate should, under pretext of incidental power or constructive authority, exercise any jurisdiction whatever not expressly given by some statute of this state : 2 R. S. 221. But this prohibition has been repealed by the new statute of May 16, 1837, § 71; and in this new statute, at § 34, surrogates have power to revoke letters whenever it shall appear to them that they have been granted on or by reason of false representations made by the persons to whom the same were granted. This power is not limited to cases in which letters may thus be ob-

Feb. 11.

tained since the passage of this law, but it is general and applies to all cases of that character which may have previously occurred requiring correction. And this court is bound to presume that if the surrogate is applied to, in due form, to exercise this power in regard to the letters of administration in question that he will exercise it and, if the facts are made to appear, that he will revoke them. If he should decide erroneously, there is a remedy by appeal.

But it is said, these letters may have been granted, not through or by reason of a "false representation," but by a mistake or perversion of facts and such as may not be within the power of the surrogate to correct. If granted under a mistake of facts, such mistake must, I consider, have originated in a misrepresentation, at least, in the application for the grant of letters ; and any misrepresentation, it seems to me, would be a false representation within the meaning of the statute, giving the surrogate the right to inquire and to revoke. If the grant be void, the surrogate, in this way and on this ground, ascertains it and there is no necessity for invoking the powers of the court. If not void, this court clearly has no right to interfere with the administrator's title.

A bill, for purposes like the present, seems to me to be unnecessary ; and there ought to be no injunction upon it. Let it be dissolved, with costs.